**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JENNIFER LYNN WELZ, ADMINISTRATOR OF THE ESTATE OF DENNIS LEE WELZ, JR., DECEASED,<br><br>Plaintiff,<br><br>v.<br><br>HYATT HOTELS CORPORATION, et al.,<br><br>Defendants. | CASE NO.: 1:24-cv-01182-CAB<br><br>JUDGE CHRISTOPHER C. BOYKO<br><br>**DEFENDANT ALG VACATIONS CORP.'S LIMITED APPEARANCE AND MOTION TO DISMISS PURSUANT TO FED.R.CIV.P 12(b)(2), FED. R. CIV. P. 12(b)(5), AND FED.R.CIV. P. 12(b)(6)** |

Defendant ALG Vacations Corp. ("ALGV") by and through counsel, appearing for the limited purpose of bringing this Motion, moves this Honorable Court pursuant to Fed.R.Civ.P. 12(b)(2) and Fed.R.Civ.P. 12(b)(6) to dismiss the Complaint filed by Plaintiff Jennifer Lynn Welz, Administrator of the Estate of Dennis Lee Welz, Jr. ("Plaintiff") because the Court does not have personal jurisdiction over ALGV and the Complaint fails to state a plausible claim for relief against ALGV. Additionally, pursuant to Fed.R.Civ.P. 12(b)(5) and Fed.R.Civ.P. 12 (b)(6), ALGV also seeks the dismissal of "United Vacations" and "Apple Leisure Group" (which are not legal entities) as well as "Amstar DMC" which does not exist.

In support of its Motion, ALGV relies on the attached memorandum of points and authority, all pleadings and papers on file in this action, the Declaration of Christina Urbanski, the Second Declaration of Christina Urbanski filed in support of this Motion, and all other matters of which the Court may take judicial notice, and states as follows:

1. This Court should dismiss Plaintiff's Complaint against ALGV under Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction. Ohio's Long-Arm Statute does not confer upon this Court

personal jurisdiction over ALGV. Plaintiff does not allege ALGV caused an injury or death in Ohio. Decedent Dennis Welz ("Mr. Welz") died in Jamaica during a Jamaican excursion—allegedly because of negligent acts and omissions that occurred in Jamaica. Plaintiff's Complaint does not allege ALGV committed any act or omission in Ohio that caused Mr. Welz's death. Although Plaintiff's Complaint alleges ALGV "was conducting business" in Ohio and ALGV "owned, operated, or controlled" United Vacations (a non-entity), the Complaint does not allege that Mr. Welz's death "arose from" any business ALGV conducted in Ohio. Doc #1-2, PageID 10-11, Complaint, ¶¶ 5-9; Doc #1-2, PageID 9-15, Complaint.

2. This Court should dismiss Plaintiff's Complaint against ALGV under Fed.R.Civ.P. 12(b)(6) because Plaintiff's Complaint fails to state a claim against ALGV. Plaintiff's Complaint improperly lumps ALGV together with other defendants (including non-entities) and fails to set forth any facts sufficient to support a wrongful death claim against ALGV. *See* Doc #1-2, PageID 9-15, Complaint; Doc #1-3, PageID 30, Declaration of Christina Urbanski, ¶¶ 9-11; Second Declaration of Christina Urbanski, ¶ 17 (attached as Exhibit A).

3. This Court should dismiss Plaintiff's Complaint against "United Vacations" under Fed.R.Civ.P. 12(b)(5) and 12(b)(6) because "United Vacations" is a trademark, not a legal entity. *See* Second Declaration of Christina Urbanski, ¶ 17 (attached as Exhibit A). Plaintiff failed to serve United Vacations. *See* Doc. #1-5, PageID 35, Notice of Removal, ¶ 2. Plaintiff does not allege that ALGV committed any negligent acts or omissions in relation to Plaintiff booking travel and lodgings through United Vacations. *See* Doc #1-2, PageID 9-15, Complaint.

4. This Court should dismiss Plaintiff's Complaint against "Apple Leisure Group" under Fed.R.Civ.P. 12(b)(5) and 12(b)(6) because "Apple Leisure Group" is a trademark, not a

2

legal entity. *See* Second Declaration of Christina Urbanski, ¶ 17 (attached as Exhibit A). Plaintiff failed to serve Apple Leisure Group. *See* Doc. #1-5, PageID 35, Notice of Removal, ¶ 2.

5. This Court should dismiss Plaintiff's Complaint against "United Vacations" under Fed.R.Civ.P. 12(b)(5) and 12(b)(6) because "United Vacations" is a trademark, not a legal entity. *See* Second Declaration of Christina Urbanski, ¶ 17 (attached as Exhibit A). Plaintiff failed to serve United Vacations. *See* Doc. #1-5, PageID 35, Notice of Removal, ¶ 2.

6. This Court should dismiss Plaintiff's Complaint against "Amstar DMC" under Fed.R.Civ.P. 12(b)(5) and 12(b)(6) because "Amstar DMC" is not a legal entity and there is no entity called "Amstar DMC." Plaintiff failed to serve Amstar DMC. *See Id.*

Wherefore, ALGV respectfully requests this Honorable Court dismiss Plaintiff's Complaint against Defendants ALGV, United Vacations, Apple Leisure Group, and Amstar DMC.

Respectfully submitted this 10th day of September, 2024.

> */s/Theresa A. Edwards*
> Theresa A. Edwards (0090971)
> Thomas P. Mannion (0062551)
> LEWIS BRISBOIS BISGAARD & SMITH LLP
> 1375 E. 9th Street, Suite 2250
> Cleveland, Ohio 44114
> Tel. 216.344.9422/Fax 216.344.9
> Tera.Edwards@lewisbrisbois.com
> Tom.Mannion@lewisbrisbois.com
> *Counsel for Defendants Hyatt Hotels Corporation and ALG Vacations Corp.*

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ALGV'S MOTION TO DISMISS

**I.     Facts**

Plaintiff's Complaint asserts a wrongful death action under R.C. 2125, *et seq*. for the death of Mr. Welz. Doc #1-2, PageID 10, Complaint, ¶ 1. Plaintiff alleges ALGV owned, operated, and or controlled "United Vacations." Doc #1-2, PageID 10, Complaint, ¶ 5. Plaintiff alleges on November 16, 2021, Plaintiff and Mr. Welz "called the United Vacations representative office in Elyria, Ohio and entered into an agreement for, and purchased, a vacation package to the Hotel Riu Reggae resort located in Montego Bay, Jamaica…" Doc #1-2, PageID 12, Complaint, ¶ 15.

Plaintiff did not attach the alleged "agreement" or "vacation package" to the Complaint. *See* Doc #1-2, PageID 9-15, Complaint. Plaintiff's Complaint does not contain any material terms of this agreement or attach any documentation associated with Plaintiff booking travel to Montego Bay, Jamaica through United Vacations. *See Id.* Notably, Plaintiff's Complaint does not allege that ALGV or United Vacations breached any contractual terms or improperly booked the vacation package in any way. *See Id.* Although Plaintiff alleges United Vacations promoted "excursion packages available for the vacation package at Hotel Riu Reggae," Plaintiff did not book any excursion packages through ALGV, United Vacations, or this alleged representative office in Elyria, Ohio. *See* Doc #1-2, PageID 12, Complaint, ¶ 15.

Plaintiff and Mr. Welz arrived in Jamaica on June 8, 2022. *See Id.* After arriving at the Hotel Riu Reggae—on either June 8 or June 9, 2022—Plaintiff and Mr. Welz were allegedly approached "by an Amstar DMC employee" in the common area of the Hotel Riu Reggae. Doc #1-2, PageID 12-13, Complaint, ¶ 16. Plaintiff's Complaint does not allege any connection between "Amstar DMC" and ALGV. *See* Doc #1-2, PageID 9-15, Complaint. According to the Complaint, Plaintiff and Mr. Welz purchased an excursion for June 10, 2022, (the "Excursion")

4

"that included 1) sailing on a "Dreamer" catamaran from Montego Bay to Negril, Jamaica, 2) snorkeling from the Dreamer catamaran at Negril, followed by a 3) dinner at Rick's Café in Negril, Jamaica and 4) a return bus ride to the Hotel Riu Reggae." *See Id.*

Plaintiff's Complaint does not allege Plaintiff or Mr. Welz booked the excursion through ALGV or United Vacations. *See Id.* Plaintiff's Complaint does not allege Plaintiff or Mr. Welz paid or contracted with ALGV or United Vacations in relation to the Excursion. *See Id.* Plaintiff's Complaint attached no documents, contracts, or legal instruments in relation to the Excursion. *See Id.* In fact, Plaintiff's Complaint does not allege ALGV or United Vacations played any role in Plaintiff and Mr. Welz booking the Excursion in the lobby of the Hotel Rui Reggae. *See Id.*

Plaintiff's Complaint named: 1) Hyatt Hotels Corporation; 2) Apple Leisure Group; 3) Amstar DMC; 4) ALGV; 5) United Vacations; and 6) John Does Nos. 1 through 10. Doc #1-2, PageID 9-10. Only Hyatt and ALGV have been served. Doc. #1-5, PageID 35, Notice of Removal ¶¶ 2-3. Plaintiff has not served "Apple Leisure Group," "Amstar DMC," or "United Vacations." *See Id.*

ALGV is a Delaware company, and its principal place of business has recently relocated from Pennsylvania to Wisconsin. *See* Second Declaration of Christina Urbanski, ¶ 15 (attached as Exhibit A). ALGV is a twice-removed subsidiary of Hyatt, and Hyatt and ALGV are legally distinct corporations that respect corporate formalities. *See Id.* ¶¶ 13-16 (attached as Exhibit A).

Plaintiff's Complaint does not plead any facts surrounding the death of Mr. Welz—other than to allege, "…Dennis Lee Welz Jr. died by drowning on June 10, 2022." Doc #1-2, PageID 14, Complaint, ¶ 19. Plaintiff's Complaint does not allege how Mr. Welz drowned—other than to state, in an entirely conclusory fashion—that Mr. Welz's death was a "direct and proximate result" of Defendants' "acts and omissions." *See Id.*

5

Plaintiff's Complaint also named "Apple Leisure Group" and "United Vacations"—which are trademarks, not legal entities. *See* Second Declaration of Christina Urbanski, ¶ 17 (attached as Exhibit A). As non-entities, "Apple Leisure Group" and "United Vacations" are not subsidiaries of ALGV or "owned" or "controlled" by ALGV. *See Id.*

Plaintiff alleges travel to Jamaica was booked through "United Vacations" by calling its "representative office in Elyria, Ohio." Doc #1-2, PageID 12, Complaint, ¶ 15. However, ALGV does not operate offices in Elyria, Ohio. *See* Second Declaration of Christina Urbanski, ¶ 14 (attached as Exhibit A).

## II.     Law & Analysis

### A.     Fed.R.Civ.P. 12(b)(2): This Court Lacks Personal Jurisdiction Over ALGV

A federal court sitting in a diversity matter can exercise personal jurisdiction over a defendant if jurisdiction is "(1) authorized by the law of the state in which it sits and (2) in accordance with the Due Process Clause of the Fourteenth Amendment." *Tharo Sys. V. Cab Produktechnik,* 196 F. App'x 366, 369 (6th Cir. 2006).

#### 1.     General Jurisdiction Does Not Apply to Non-Resident Defendants

General jurisdiction is established when a defendant's activity is "continuous and systematic" in the forum state in such a capacity as it would become amenable to any lawsuit brought against it in Ohio. *Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir. 2006). The Sixth Circuit has recognized that general jurisdiction is *not* a viable method for establishing jurisdiction over an out-of-state defendant. *E.g.*, *Conn v. Zakharov*, 667 F.3d 705, 717 (6th Cir. 2012) ("Ohio law does not appear to recognize general jurisdiction over non-resident defendants, but instead requires that the court find specific jurisdiction under…Ohio's long-arm statute").

Ohio's Long-Arm Statute governs exercising personal jurisdiction over non-resident defendants. *Goldstein v. Christiansen*, 70 Ohio St. 3d 232, 235-36 (1994); *accord Kauffman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St. 3d 81, 85 (2010); *accord Fraley v. Estate of Oeding*, 138 Ohio St. 3d 250, 252-53 (2014) ("The determination whether an Ohio court has personal jurisdiction over an out-of-state defendant requires a two-step inquiry. First, the court must determine whether the defendant's conduct <u>falls within Ohio's long-arm statute</u>…").

In this case, ALGV is an out-of-state defendant—located in Wisconsin and formed in Delaware. *See* Second Declaration of Christina Urbanski, ¶ 15 (attached as Exhibit A). Therefore, for this Court to have personal jurisdiction over ALGV, Ohio's Long-Arm Statute must confer jurisdiction.

    **2.**    **There is No Specific Jurisdiction Under Ohio's Long-Arm Statute**

Ohio's Long-Arm Statute, R.C. 2307.382, sets forth nine specific bases that would sufficiently establish specific jurisdiction over a defendant. It states: "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action ***arising from*** the person's:

(1) Transacting any business in [Ohio];
(2) Contracting to supply services or goods in [Ohio];
(3) Causing tortious injury by an act or omission in [Ohio];
(4) Causing tortious injury in this state by an act or omission outside this state if the person regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in [Ohio];
(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when the person might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that the person also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in [Ohio];

7

  (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when the person might have expected that some person would be injured thereby in [Ohio];
  (7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which the person commits or in the commission of which the person is guilty of complicity;
  (8) Having an interest in, using, or possessing real property in [Ohio];
  (9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

R.C. 2307.382 (emphasis added).

  None of the nine categories apply to Plaintiff's claims against ALGV. Doc #1-2, PageID 9-15, Complaint. Plaintiff does not allege ALGV caused a death in Ohio. *See Id.* Plaintiff does not allege ALGV committed any act or omission in Ohio that caused Mr. Welz's death. *See Id.* In fact, Plaintiff alleges acts of negligence that occurred *in Jamaica* including, failing to supervise the individuals conducting the Excursion, failing to provide appropriate and safe snorkeling equipment, failing to instruct Mr. Welz, failing to supervise Mr. Welz, failing to prohibit the individuals conducting the Excursion from consuming alcohol, and failing to timely respond to Mr. Welz. Doc #1-2, PageID 13, Complaint, ¶ 17. None of these acts or omissions occurred in Ohio. *See Id.*

  Although Plaintiff's Complaint alleges Hyatt "was conducting business" in Ohio, the Complaint does not allege that Mr. Welz's death "arose from" any business ALGV allegedly conducted in Ohio. Doc #1-2, PageID 11, Complaint, ¶¶ 9-10; Doc #1-2, PageID 9-15, Complaint. The Complaint asserts no causal connection between Plaintiff's booking through United Vacations and Mr. Welz's death that occurred during the Excursion. *See Id.*

  The only connection this case has to Ohio is that Plaintiff lives in Ohio and Plaintiff allegedly booked travel by allegedly calling a "United Vacation" office in Elyria, Ohio. Doc #1-2, PageID 10, Complaint, ¶ 2 and PageID 12, Complaint ¶ 15. However, the Complaint does not

8

allege that ALGV or United Vacations improperly booked the travel or that anything related to the booking process, in any way, caused Mr. Welz's death. Doc #1-2, PageID 9-15, Complaint. Further, "United Vacations" is not a legal entity capable of being owned, operated, or controlled. *See* Second Declaration of Christina Urbanski, ¶ 17 (attached as Exhibit A).

Plaintiff's Complaint does not attach any legal instruments, contracts, or documents identifying ALGV as the entity with whom Plaintiff booked the Excursion. Doc #1-2, PageID 9-15, Complaint. Because Ohio's Long-Arm Statute does not confer upon this Court jurisdiction over ALGV, this Court lacks jurisdiction over Plaintiff's claims against ALGV. Therefore, Plaintiff's Complaint against ALGV must be dismissed.

### 3. Exercising Personal Jurisdiction Over ALGV Violates Federal Due Process.

Assuming, *arguendo*, that Ohio's Long-Arm Statute confers personal jurisdiction over ALGV in this case, this Court should still decline to exercise jurisdiction in accordance with the Due Process Clause of the Fourteenth Amendment.

In evaluating whether personal jurisdiction complies with the requirements of due process, a court must determine whether there are sufficient minimum contacts between the non-resident defendant and the forum state to not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The Sixth Circuit has adopted a three part test: 1) the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state; 2) the cause of action must arise from the defendant's activities there; and 3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *S. Mach Co. v. Mohasco*, 401 F.2d 374, 381 (6th Cir. 1968).

9

Personal jurisdiction is divided into two categories: specific and general. *Mallory v. Norfolk Southern Ry.*, 600 U.S. 122, 164-65 (2023). Both are subject to the demands of the Due Process Clause. *Id.* Specific jurisdiction allows a state court to adjudicate specific claims against a defendant. When a defendant "purposefully avails" itself of the privilege of conducting activities within the forum State, that State's courts may adjudicate claims that arise out of or relate to the defendant's contacts' with the forum statute." *Id*. (internal citations omitted). General jurisdiction allows a state court to adjudicate "any and all claims" brought against a defendant." *Id.* "This sweeping authority exists only when the defendant's connection to the State is tight—so tight, in fact, that the defendant is 'at home' there." *Id.* A corporation is typically "at home" in both its place of incorporation and principal place of business. *Id*. "Absent an exceptional circumstance, general jurisdiction is cabined to these locations." *Id*. at 165.

In this case, neither general jurisdiction nor specific jurisdiction exists over ALGV. Plaintiff does not allege ALGV caused an injury or death in Ohio. *See* Doc #1-2, PageID 9-15, Complaint. Plaintiff does not allege ALGV committed any act or omission in Ohio that caused Mr. Welz's death. *See Id.* Plaintiff's Complaint fails to set forth sufficient facts to establish a connection between ALGV's alleged activity in Ohio and Plaintiff's wrongful death claim. *See Id.* Nothing in the Complaint asserts a causal nexus between Plaintiff's alleged call to an office in Elyria, Ohio and Mr. Welz's death that occurred during a Jamaican Excursion that was booked in Jamaica—and not through ALGV or United Vacations. *See Id.*

As such, ALGV did not "purposefully avail" itself to jurisdiction in Ohio and exercising jurisdiction over ALGV in this matter would violate ALGV's due process rights under the Fourteenth Amendment. Therefore, Plaintiff's Complaint against ALGV must be dismissed.

**B.     Fed.R.Civ.P. 12(b)(6): Plaintiff Fails to State a Claim Against ALGV**

This Court should dismiss Plaintiff's Complaint against ALGV because Plaintiff's Complaint fails to state a claim under Fed.R.Civ.P. 12(b)(6).

**1.     ALGV is Impermissibly "Lumped Together" with All Defendants**

Plaintiff's Complaint should be dismissed because it impermissibly lumps ALGV together with other defendants (several of which are not entities) without delineating between the respective conduct of each of them. *E.g.*, *Courser v. Michigan House of Representatives*, 404 F. Supp. 3d 1125, 1140 (W.D. Mich. 2019), aff'd, 831 F. App'x 161 (6th Cir. 2020) ("[a] complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief…"); *e.g.*, *Aaron v. Durrani*, 2014 U.S. Dist. LEXIS 32693, *14-15 (S.D. Ohio 2024) ("…lumping the Defendants together for the purposes of all allegations fails "to give the individual Defendants proper notice of what they have allegedly done wrong.").

In this case, Plaintiff's Complaint, in an entirely conclusory manner, lumps ALGV together with all defendants when attempting to plead a wrongful death claim:

- "…**Defendants, or any of them**, were responsible for the operation, management, supply, maintenance, possession, inspection, hiring, training, and control of catamaran cruises styled "Dreamer" provided to Plaintiff's Decedent by Amstar DMC at the Hotel Riu Reggae resort, Montego Bay, Jamaica, through employees, agents, servants, assigns or officers of Defendants acting within the course and scope of their authority."[1]

- "…Plaintiff's Decedent was a business invitee **of Defendants**."[2]

- "During the Dreamer cruise…**Defendants**, through their employees, and/or agents, and/servants, and/or assigns, negligently, and/or recklessly, and/or wantonly, and/or willfully breached the duty of care owed to Plaintiff's Decedent…"[3]

---

[1] Doc #1-2, PageID 12, Complaint, ¶ 12 (emphasis added).
[2] Doc #1-2, PageID 12, Complaint, ¶ 14 (emphasis added).
[3] Doc #1-2, PageID 13, Complaint, ¶ 17 (emphasis added).

11

Plaintiff's Complaint fails to specify ALGV's acts and omissions. *See* Doc #1-2, PageID 9-15, Complaint. Instead, Plaintiff's Complaint lumps ALGV together with a non-existent entity ("Amstar DMC") and non-entities ("Apple Leisure Group" and "United Vacations") by amorphously alleging that ALGV's agents (along with all other Defendants' employees and/or agents) negligently operated the Excursion. *See* Doc #1-2, PageID 9-15, Complaint; Doc #1-3, PageID 30, Declaration of Christina Urbanski, ¶¶ 9-11; Second Declaration of Christina Urbanski, ¶¶ 16-18 (attached as Exhibit A).

"Conclusory allegations of collective, unspecified, and undifferentiated wrongdoing are not sufficient: vaguely lumping all defendants together without providing any factual allegations that specify separate acts fails to satisfy the *Iqbal/Twombly* standard." *Hall v. Madison Police Dept.*, 2018 U.S. Dist. LEXIS 188230 (N.D. Ohio. 2018), citing *Kurek v. Ohio Dep't of Dev. Disabilities*, Case No. 3:16CV623, 2017 U.S. Dist. LEXIS 65473 (N.D. Ohio 2017); *accord Rivera-Nazario v. Corporacion del Fondo del Seguro del Estado*, 2015 U.S. Dist. LEXIS 121475 (D.P.R. 2015) ("[p]laintiffs were not allowed to lump Defendants together without pleading individualized facts"); *accord Grant v. WMC Mortg. Corp.*, 2010 U.S. Dist. LEXIS 68880, *3 (E.D. Cal. 2010) (complaint that "lumps all defendants together is plainly insufficient…"). Accordingly, Plaintiff's Complaint fails to state a claim against ALGV and must be dismissed.

    **2.    Plaintiff's Complaint Does Not Plead Sufficient Facts to Establish that ALGV Booked or Operated the Excursion**

Plaintiff attempts to plead a negligence/wrongful death claim against ALGV without asserting any causal nexus between Plaintiff booking travel through United Vacations and what transpired during the Excursion—which Plaintiff admits was booked in Jamaica and not through United Vacations or ALGV. *See* Doc #1-2, PageID 9-15, Complaint. Plaintiff's Complaint does not allege Plaintiff or Mr. Welz paid or contracted with ALGV or United Vacations in relation to

the Excursion. *See Id.* Plaintiff's Complaint attaches no documents, contracts, or legal instruments in relation to the Excursion. *See Id.* In fact, Plaintiff's Complaint does not allege ALGV or United Vacations played any role in Plaintiff and Mr. Welz booking the Excursion in the lobby of the Hotel Rui Reggae. *See Id.*

As such, Plaintiff's Complaint fails to plead a wrongful death claim against ALGV. Conclusory allegations that ALGV controlled the Excursion (along with all the other Defendants) is not sufficient to survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6).

### C. "United Vacations" and "Apple Leisure Group" Should be Dismissed

United Vacations and Apple Leisure Group are improper defendants. United Vacations and Apple Leisure Group are trademarks, not legal entities capable of being sued. *See Afshari v. Mont. Black Gold,* 2020 U.S. App. LEXIS 39803, *8 (6th Cir.2020), citing *Snowden v. Checkpoint Check Cashing,* 290 F.3d 631, 634 n.2 (4th Cir.2002); Second Declaration of Christina Urbanski, ¶ 17 (attached as Exhibit A). As such, this Court should dismiss Plaintiff's Complaint against United Vacations and Apple Leisure Group pursuant to Fed.R.Civ.P. 12(b)(6). Dismissal is also warranted under Fed.R.Civ.P. 12(b)(5) because United Vacations and Apple Leisure Group, as non-entities, have not and cannot be served with process. Doc. #1-5, PageID 35, Notice of Removal ¶ 2.

### D. "Amstar DMC" Should be Dismissed

"Amstar DMC" does not exist and is not a legal entity, which is why Plaintiff has not—and cannot—serve "Amstar DMC" with a copy of the Summons and Complaint in this case. Doc. #1-5, PageID 35, Notice of Removal ¶ 2. Undersigned counsel, through filings and correspondence, has indicated "Amstar DMC" is not a legal entity and has identified the correct legal entity as **Amstar DMC, Jamaica Limited**. *See Id.* (emphasis added). Amstar DMC, Jamaica Limited is a Jamaican entity not subject to service or process in Ohio. *See Id.* As such, this Court

13

should dismiss Plaintiff's Complaint against "Amstar DMC" pursuant to Fed.R.Civ.P. 12(b)(6). Dismissal is also warranted under Fed.R.Civ.P. 12(b)(5) because Amstar DMC, as a non-existent entity, has not and cannot be served with process. Doc. #1-5, PageID 35, Notice of Removal ¶ 2.

### III.  Conclusion

Wherefore, this Court should grant ALGV's Motion and dismiss Plaintiff's Complaint against ALGV, United Vacations, Apple Leisure Group, and Amstar DMC with prejudice pursuant to Fed.R.Civ.P. 12(b)(2), 12(b)(5), and Fed.R.Civ.P. 12(b)(6).

Respectfully submitted,

*/s/Theresa A. Edwards*
Theresa A. Edwards (0090971)
Thomas P. Mannion (0062551)
LEWIS BRISBOIS BISGAARD & SMITH LLP
1375 E. 9th Street, Suite 2250
Cleveland, Ohio 44114
Tel. 216.344.9422/Fax 216.344.9
Tera.Edwards@lewisbrisbois.com
Tom.Mannion@lewisbrisbois.com
*Counsel for Defendants Hyatt Hotels Corporation and ALG Vacations Corp.*

**Local Rule 7.1(f) Certification**

The undersigned certifies this case has not yet been assigned to a track and that the Memorandum adheres to the page limitation set forth in Local Rule 7.1(f).

        Respectfully submitted,

        /s/*Theresa A. Edwards*
        Thomas P. Mannion (0062551)
        LEWIS BRISBOIS BISGAARD & SMITH LLP
        1375 E. 9th Street, Suite 2250
        Cleveland, Ohio 44114
        Tel. 216.344.9422/Fax 216.344.9
        Tera.Edwards@lewisbrisbois.com
        Tom.Mannion@lewisbrisbois.com
        *Counsel for Defendants Hyatt Hotels Corporation and ALG Vacations Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify on this 10th day of September, 2024, a true and correct copy of the foregoing has been electronically filed using the CM/ECF System, and sent to all parties by operation of the Court's electronic filing system and to the following via electronic mail:

Georg I. Abakumov, Esq.
Law Offices of Georg Abakumov LLC
14435 Hunting Hills Drive
Novelty, Ohio 44072
Georg.abakumov@gmail.com
*Counsel for Plaintiff*

        /s/*Theresa A. Edwards*
        Theresa A. Edwards (0090971)
        Thomas P. Mannion (0062551)
        LEWIS BRISBOIS BISGAARD & SMITH LLP
        *Counsel for Defendant Hyatt Hotels Corporation and ALGV Vacations Corp.*