## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| JENNIFER LYNN WELZ, ADMINISTRATOR OF THE ESTATE OF DENNIS LEE WELZ, JR., DECEASED, | CASE NO.: 1:24-cv-01182-CAB JUDGE CHRISTOPHER C. BOYKO |
| Plaintiff, | |
| v. | **DEFENDANT HYATT HOTELS CORPORATION'S LIMITED APPEARANCE AND MOTION TO DISMISS PURSUANT TO FED.R.CIV.P 12(b)(2), FED.R.CIV. P. 12(b)(6), AND THE DOCTRINE OF FORUM NON-CONVENIENS** |
| HYATT HOTELS CORPORATION, et al., | |
| Defendants. | |

Defendant Hyatt Hotels Corporation ("Hyatt") by and through counsel, appearing for the limited purpose of bringing this Motion, moves this Honorable Court pursuant to Fed.R.Civ.P. 12(b)(2) and Fed.R.Civ.P. 12(b)(6) to dismiss the Complaint filed by Plaintiff Jennifer Lynn Welz, Administrator of the Estate of Dennis Lee Welz, Jr. ("Plaintiff") because the Court does not have personal jurisdiction over Hyatt and the Complaint fails to state a plausible claim for relief against Hyatt. Hyatt also seeks dismissal pursuant to the doctrine of forum non-conveniens.

In support of its Motion, Hyatt relies on the attached Memorandum of Points and Authority, all pleadings and papers on file in this action, the Declaration of Christina Urbanski, the Second Declaration of Christina Urbanski filed in support of this Motion, and all other matters of which the Court may take judicial notice, and states as follows:

1. This Court should dismiss Plaintiff's Complaint against Hyatt under Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction. Ohio's Long-Arm Statute does not confer upon this Court personal jurisdiction over Hyatt. Hyatt has no employees or physical offices in Ohio. Plaintiff does not allege Hyatt caused an injury or death in Ohio. Decedent Dennis Welz ("Mr. Welz") died in

Jamaica during a Jamaican excursion—allegedly because of negligent acts and omissions that occurred in Jamaica. Plaintiff's Complaint does not allege Hyatt committed any act or omission in Ohio that caused Mr. Welz's death. Although Plaintiff's Complaint alleges Hyatt "was conducting business" in Ohio, the Complaint does not allege Mr. Welz's death "arose from" any business Hyatt conducted in Ohio. Doc #1-2, PageID 11, Complaint, ¶ 9; Doc #1-2, PageID 9-15, Complaint.

2. This Court should dismiss Plaintiff's Complaint against Hyatt under Fed.R.Civ.P. 12(b)(6) because Plaintiff's Complaint fails to state a claim against Hyatt. Plaintiff's Complaint improperly lumps Hyatt together with other defendants (including non-entities) and fails to set forth any facts sufficient to pierce the corporate veil or hold Hyatt vicariously liable for the alleged acts of its direct and indirect subsidiaries.

3. This Court should dismiss Plaintiff's Complaint against Hyatt under the doctrine of forum non-conveniens. Jamaica is the proper and exceedingly more convenient forum. Mr. Welz died in Jamaica allegedly while snorkeling during a Jamaican Excursion operated by Jamaicans and booked in the lobby of a Jamaican hotel. The only connection between this action and Ohio is that Plaintiff resides in Ohio. Nothing in Plaintiff's Complaint suggests that any allegedly negligent acts or omissions occurred in Ohio, or that any witnesses (aside from Plaintiff), evidence, or locations are in Ohio. Ohio is an inconvenient forum that would deprive Hyatt the ability to compel necessary and critical evidence and testimony required to defend this case.

Wherefore, Hyatt respectfully requests this Honorable Court dismiss the Complaint. Alternatively, should this Honorable Court find dismissal is not appropriate pursuant to Fed.R.Civ.P. 12(b)(2) or Fed.R.Civ.P. 12(b)(6), Hyatt seeks dismissal pursuant to the doctrine of forum non-conveniens.

Respectfully submitted this 10th day of September, 2024.

> /s/Theresa A. Edwards
> Theresa A. Edwards (0090971)
> Thomas P. Mannion (0062551)
> LEWIS BRISBOIS BISGAARD & SMITH LLP
> 1375 E. 9th Street, Suite 2250
> Cleveland, Ohio 44114
> Tel. 216.344.9422/Fax 216.344.9
> Tera.Edwards@lewisbrisbois.com
> Tom.Mannion@lewisbrisbois.com
> *Counsel for Defendant Hyatt Hotels Corporation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JENNIFER LYNN WELZ, ADMINISTRATOR OF THE ESTATE OF DENNIS LEE WELZ, JR., DECEASED, | CASE NO.: 1:24-cv-01182-CAB |
| Plaintiff, | JUDGE CHRISTOPHER C. BOYKO |
| v. | |
| HYATT HOTELS CORPORATION, et al., | |
| Defendants. | |

## **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HYATT'S MOTION TO DISMISS**

4

## **TABLE OF CONTENTS**

Table of Authorities ............................................................................................ ii

Statement of Issues to Be Decided....................................................................... v

Summary of Argument Presented ....................................................................... vi

Certification Pursuant to LR 7.1(f) ................................................................... vii

    I.     Statement of Facts............................................................................... 1

        A.  Hyatt Hotels Corporation ("Hyatt")........................................... 2

        B.  Hyatt's Relationship to Hotel Riu Reggae and the Named Defendants ................ 2

    II.    Law & Analysis

        A.  Fed.R.Civ.P. 12(b)(2): This Court Lacks Personal Jurisdiction Over Hyatt .......... 3

            1.  General Jurisdiction Does Not Apply to Non-Resident Defendants ............... 3

            2.  There is No Specific Jurisdiction Under Ohio's Long-Arm Statute................ 4

            3.  Exercising Personal Jurisdiction Over Hyatt Violates Federal Due Process.... 7

        B.  Fed.R.Civ.P. 12(b)(6): Plaintiff Fails to State a Claim Against Hyatt.................... 8

            1.  Hyatt is Impermissibly "Lumped Together" with All Defendants .................. 8

            2.  Plaintiff's Complaint Fails to Allege Facts to Pierce the Corporate Veil....... 10

        C.   This Case Should Be Dismissed Under the Doctrine of Forum Non-Conveniens 11

            1.  Jamaica is an Adequate Alternative Forum .................................... 12

            2.  Little Deference Should be Given to Plaintiff's Choice of Forum ................ 13

    III.   Conclusion ............................................................................... 16

# TABLE OF AUTHORITY

*Aaron v. Durrani*, 2014 U.S. Dist. LEXIS 32693, *14-15 (S.D. Ohio 2024) ............................... 8

*Afshari v. Mont. Black Gold,* 2020 U.S. App. LEXIS 39803, *8 (6th Cir.2020) ........................... 6

*Allstate Ins v. Hague*, 449 U.S. 302, 313 (1981) ......................................................................... 15

*Am. Dredging Co. v. Miller*, 510 U.S. 443, 447-48, 114 S. Ct. 981, 127 L. Ed. 2d 285 (1994) . 12

*Belvedere Condominium Unit Owners' Ass'n v. R.E. Roark Cos.*, 67 Ohio St. 3d 274, 1993 Ohio 119, 617 N.E.2d 1075, 1077 (Ohio 1993)................................................................................. 11

*Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir. 2006) ............................................................... 4

*Carter-Jones Lumber Co. v. LTV Steel Co*., 237 F.3d 745, 748 (6th Cir. 2001) ......................... 11

*Conn v. Zakharov*, 667 F.3d 705, 717,  (6th Cir. 2012) ................................................................. 4

*Copia Communs., LLC v. AMResorts, L.P*., No. 16-5575, 2017 U.S. Dist. LEXIS 146294 (E.D. Pa. Sept. 11, 2017) .................................................................................................................. 12,13

*Corrigan v. U.S. Steel Corp*., 478 F.3d 718, 724-725, (6th Cir. 2007)........................................ 11

*Courser v. Michigan House of Representatives*, 404 F. Supp. 3d 1125, 1140 (W.D. Mich. 2019), aff'd, 831 F. App'x 161 (6th Cir. 2020)........................................................................................ 8

*Doe V.H. v. Hyatt Hotels Corp.,* 11th Cir. No. 23-13503, 2024 U.S. App. LEXIS 20890 (Aug. 19, 2024) ............................................................................................................................................. 6

*Doe v. Ritz Carlton Hotel Co., LLC*, No. 14-4423, 2015 U.S. Dist. LEXIS 4799, 2015 WL 221106, at *5 (E.D. Pa. Jan. 14, 2015), aff'd, 666 Fed. App'x 180 (3d Cir. 2016).................................... 12

*Ekpo v. Playa Mgmt. United States, LLC*, 2023 U.S. Dist. LEXIS 82445,*8-9 (N.D. Ga. 2023) 14

*Fraley v. Estate of Oeding*, 138 Ohio St. 3d 250, 252-53 (2014) .................................................. 4

*Goldstein v. Christiansen*, 70 Ohio St. 3d 232, 235-36 (1994) ..................................................... 4

*Grant v. WMC Mortg. Corp*., 2010 U.S. Dist. LEXIS 68880, *3 (E.D. Cal. 2010) .................... 10

*Hall v. Madison Police Dept.*, 2018 U.S. Dist. LEXIS 188230 (N.D. Ohio. 2018) ...................... 9

*Hefferan v. Ethicon Endo-Surgery Inc*., 828 F.3d 488, 493 (6th Cir. 2016) ............................... 14

*Home Ins Co v Dick*, 281 U.S. 397, 408 (1930) .......................................................................... 16

*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) ................................................................ 7

*Jane Doe L.C. v. Aimbridge Hosp.*, LLC, 2020 U.S. Dist. LEXIS 172336, *4-5 (D. Del. 2020) ................................................................................................................................................ 12,14

*Jane Doe L.C. v. Aimbridge Hosp., LLC,* 2020 U.S. Dist. LEXIS 172336, *7-8 (D. Del. 2020) ..13

*Kaplan v. Hyatt Hotels Corp.,* E.D.N.Y. No. 23-CV-2598 (MKB), 2024 U.S. Dist. LEXIS 136047 (Mar 8. 2024) ................................................................................................................................ 4

*Kauffman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St. 3d 81, 85 (2010) ................................ 4

*Kurek v. Ohio Dep't of Dev. Disabilities*, Case No. 3:16CV623, 2017 U.S. Dist. LEXIS 65473 (N.D. Ohio 2017) ............................................................................................. 9

*LeRoux's Billyle Supper Club  v. Ma*, 77 Ohio App. 3d 417, 602 N.E.2d 685, 687-88 (Ohio Ct. App. 1991) ..................................................................................................... 10

*Mallory v. Norfolk Southern Ry.*, 600 U.S. 122, 164-65 (2023) .................................................. 7

*Martinez-Porte v. Multi-Color Corp.*, 2024 U.S. App. LEXIS 18258, *8-9, 2024 (6th Cir. 2024) ............................................................................................................. 14

*Pain v. United Techs. Corp.*, 637 F.2d 775, 797, 205 U.S. App. D.C. 229 (D.C. Cir. 1980) ....... 13

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, 102 S. Ct. 252, 70 L. Ed. 2d 419(1981). 12,13,15

*Prevent USA Corp. v. Volkswagen AG*, 17 F.4th 653, 660 (6th Cir. 2021 ................................... 15

*Proyectos Orchimex De Costa Rica, S.A. v. E.I. DuPont de Nemours & Co.*, 896 F. Supp. 1197, 1201 (M.D. Fla. 1995) ........................................................................................... 12,13

*Rivera-Nazario v. Corporacion del Fondo del Seguro del Estado*, 2015 U.S. Dist. LEXIS 121475 (D.P.R. 2015) ............................................................................................................. 9

*S. Mach Co. v. Mohasco*, 401 F.2d 374, 381 (6th Cir. 1968) ..................................................... 7

*Seales v. Panamanian Aviation Co*., 356 Fed. Appx. 461, 464 (2d. Cir. 2009) .......................... 13

*Snowden v. Checkpoint Check Cashing,* 290 F.3d 631, 634 n.2 (4th Cir.2002)............................. 6

*Tharo Sys. V. Cab Produktechnik,* 196 F. App'x 366, 369 (6th Cir. 2006)................................... 3

*United States v. Bestfoods*, 524 U.S. 51, 61, 118 S. Ct. 1876, 141 L. Ed. 2d 43 (1998) ............. 10

*Wong v. PartyGaming Ltd*., 589 F.3d 821, 832 (6th Cir. 2009) ................................................... 15

**<u>Statutes</u>**

R.C. 2125 ................................................................................................................. 4
R.C. 2307.382 ...................................................................................................... 7,8

**<u>Rules</u>**

Fed.R.Civ.P.12(b)(2).......................................................................................... 1,6,19
Fed.R.Civ.P.12(b)(6)...................................................................................... 1,2,11,19

**Statement of Issues to Be Decided**

I.      Should this Court dismiss Plaintiff's Complaint against Hyatt under Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction?

        Hyatt's Answer: Yes.

II.     Should this Court dismiss Plaintiff's Complaint against Hyatt under Fed.R.Civ.P. 12(b)(6) because Plaintiff's Complaint fails to state a claim against Hyatt?

        Hyatt's Answer: Yes.

III.    Should this Court should dismiss Plaintiff's Complaint against Hyatt under the doctrine of forum non-conveniens?

        Hyatt's Answer: Yes.

## Summary of Argument Presented

Plaintiff's Complaint against Hyatt should be dismissed under Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction because Ohio's Long-Arm Statute does not confer upon this Court personal jurisdiction over Hyatt. Hyatt has no employees or physical offices in Ohio. Plaintiff does not allege Hyatt caused an injury or death in Ohio. Mr. Welz died in Jamaica during a Jamaican excursion—allegedly because of negligent acts and omissions that occurred in Jamaica. Plaintiff's Complaint does not allege Hyatt committed any act or omission in Ohio that caused Mr. Welz's death. Although Plaintiff's Complaint alleges Hyatt "was conducting business" in Ohio, the Complaint does not allege Mr. Welz's death "arose from" any business Hyatt conducted in Ohio. Doc #1-2, PageID 11, Complaint, ¶ 9; Doc #1-2, PageID 9-15, Complaint.

Plaintiff's Complaint against Hyatt should be dismissed under Fed.R.Civ.P. 12(b)(6) because Plaintiff's Complaint fails to state a claim against Hyatt. Plaintiff's Complaint improperly lumps Hyatt together with other defendants (including non-entities) and fails to set forth any facts sufficient to pierce the corporate veil or hold Hyatt vicariously liable for the alleged acts of its direct and indirect subsidiaries.

Plaintiff's Complaint against Hyatt should be dismissed under the doctrine of forum non-conveniens. Jamaica is the proper and exceedingly more convenient forum. Mr. Welz died in Jamaica allegedly while snorkeling during a Jamaican Excursion operated by Jamaicans and booked in the lobby of a Jamaican hotel. The only connection between this action and Ohio is that Plaintiff resides in Ohio. Nothing in Plaintiff's Complaint suggests that any allegedly negligent acts or omissions occurred in Ohio, or that any witnesses (aside from Plaintiff), evidence, or locations are in Ohio. Ohio is an inconvenient forum that would deprive Hyatt the ability to compel necessary and critical evidence and testimony required to defend this case.

### Local Rule 7.1(f) Certification

The undersigned certifies this case has not yet been assigned to a track and that the Memorandum adheres to the page limitation set forth in Local Rule 7.1(f) as it includes a table of contents, a table of authorities, a brief statement of the issues to be decided and a summary of the arguments presented since the Memorandum exceeds fifteen (15) pages.

*/s/Theresa A. Edwards*
Theresa A. Edwards (0090971)
Thomas P. Mannion (0062551)
LEWIS BRISBOIS BISGAARD & SMITH LLP
1375 E. 9th Street, Suite 2250
Cleveland, Ohio 44114
Tel. 216.344.9422/Fax 216.344.9
Tera.Edwards@lewisbrisbois.com
Tom.Mannion@lewisbrisbois.com
*Counsel for Defendant Hyatt Hotels Corporation*

## I.     Statement of Facts

Plaintiff's Complaint asserts a wrongful death action under R.C. 2125, *et seq*. for the death of Mr. Welz. Doc #1-2, PageID 10, Complaint, ¶ 1. Plaintiff alleges on November 16, 2021, Plaintiff and Mr. Welz "called the United Vacations representative office in Elyria, Ohio" and "entered into an agreement for, and purchased, a vacation package to the Hotel Riu Reggae resort located in Montego Bay, Jamaica." Doc #1-2, PageID 12, Complaint, ¶ 15. June 8, 2022, was their arrival date. *See Id.* Plaintiff alleges Defendant United Vacations promoted "excursion packages available for the vacation package at Hotel Riu Reggae." *See Id.*

After arriving at the Hotel Riu Reggae—on either June 8 or June 9, 2022—Plaintiff and Mr. Welz were allegedly approached "by an Amstar DMC employee" in the common area of the Hotel Riu Reggae. Doc #1-2, PageID 12-13, Complaint, ¶ 16. Plaintiff and Mr. Welz purchased an excursion for June 10, 2022 ("Excursion") "that included 1) sailing on a "Dreamer" catamaran from Montego Bay to Negril, Jamaican, 2) snorkeling from the Dreamer catamaran at Negril, followed by a 3) dinner at Rick's Café in Negril, Jamaica and 4) a return bus ride to the Hotel Riu Reggae." *Id.*[1]

Plaintiff's Complaint named: 1) Hyatt Hotels Corporation; 2) Apple Leisure Group; 3) Amstar DMC; 4) ALG Vacations Corp.; 5) United Vacations; and 6) John Does Nos. 1 through 10. Doc #1-2, PageID 9-10. Only Hyatt and ALG Vacations Corp. have been served. Doc. #1-5, PageID 35, Notice of Removal ¶¶ 2-3. Plaintiff has not served "Apple Leisure Group," "Amstar DMC," or "United Vacations." *See Id.*

---

[1]Notably, Plaintiff's Complaint fails to attach a contract, any booking documents, or any signed paperwork related to the Excursion.

Plaintiff's Complaint does not plead any facts surrounding the death of Mr. Welz—other than to allege, "…Dennis Lee Welz Jr. died by drowning on June 10, 2022." Doc #1-2, PageID 14, Complaint, ¶ 19. Plaintiff's Complaint does not allege how Mr. Welz drowned—other than to state, in an entirely conclusory fashion—that Mr. Welz's death was a "direct and proximate result" of Defendants' "acts and omissions." *See Id.*

### A.      Hyatt Hotels Corporation ("Hyatt")

Hyatt is a Delaware corporation with its principal place of business in Chicago, Illinois. Doc #1-3, PageID 29, Declaration of Christina Urbanski, ¶ 5. Hyatt is a publicly traded company. *See* Second Declaration of Christina Urbanski, ¶ 5 (attached as Exhibit A). Hyatt is the parent company of direct and indirect subsidiaries that develop, own, franchise, license, operate, manage, and/or provide other services with respect to hotel properties in 67 countries under a number of brands. *See Id.* ¶ 6. Hyatt has no employees, and thus, does not employ anyone in Ohio, the United States, or Jamaica. *See Id.* ¶ 7. Hyatt does not own or lease any real property in Ohio. *See Id.* ¶ 8. Hyatt does not own or lease space for corporate offices in Ohio. *See Id.* ¶ 9.

As to Hyatt's subsidiaries, Hyatt owns rights to revenue from subsidiaries, some of which engage in business in Ohio. *See Id.* ¶ 10. However, Hyatt does not control the day-to-day operations of its subsidiaries that do business in Ohio and does not control the means by which they do business. *See Id.* ¶ 10.

### B.      Hyatt's Relationship to Hotel Riu Reggae and the Named Defendants

The Complaint alleges Plaintiff and Mr. Welz booked the Excursion while staying at the Hotel Riu Reggae in Montego Bay, Jamaica. Doc #1-2, PageID 12-13, Complaint, ¶¶ 15-16. Hotel Riu Reggae is not a Hyatt-branded hotel. *See* Second Declaration of Christina Urbanski, ¶ 11

(attached as Exhibit A). Neither Hyatt nor any of Hyatt's subsidiaries own or operate the Hotel Riu Reggae in Montego Bay, Jamaica. *See Id.* ¶ 12.

The Complaint named ALG Vacations Corp., ("ALGV") which is a twice-removed subsidiary of Hyatt. *See Id.* ¶ 13. ALGV does not operate any international or foreign travel, lodgings, or excursions. *See Id.* ¶ 13. Hyatt and ALGV are legally distinct corporations that respect corporate formalities. *See Id.* ¶ 16. They have their own boards of directors, appoint their own officers, maintain separate accounting records, and file taxes separately. *See Id.*

Plaintiff's Complaint also named "Apple Leisure Group" and "United Vacations"—which are trademarks, not legal entities. *See Id.* ¶ 17. As non-entities, "Apple Leisure Group" and "United Vacations" are not subsidiaries of Hyatt or "owned" or "controlled" by Hyatt. *See Id.* ¶ 17.

Plaintiff alleges travel to Jamaica was booked through "United Vacations" by calling its office in Elyria, Ohio. Doc #1-2, PageID 12, Complaint, ¶ 15. However, neither Hyatt nor any of Hyatt's direct or indirect subsidiaries operate offices in Elyria, Ohio. *See* Second Declaration of Christina Urbanski, ¶¶ 14 and 18 (attached as Exhibit A).

## II.     Law & Analysis

### A.     Fed.R.Civ.P. 12(b)(2): This Court Lacks Personal Jurisdiction Over Hyatt

A federal court sitting in a diversity matter can exercise personal jurisdiction over a defendant if jurisdiction is "(1) authorized by the law of the state in which it sits and (2) in accordance with the Due Process Clause of the Fourteenth Amendment." *Tharo Sys. V. Cab Produktechnik,* 196 F. App'x 366, 369 (6th Cir. 2006).

#### 1.     General Jurisdiction Does Not Apply to Non-Resident Defendants

General jurisdiction is established when a defendant's activity is "continuous and systematic" in the forum state in such a capacity as it would become amenable to any lawsuit

brought against it in Ohio. *Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir. 2006). The Sixth Circuit has recognized that general jurisdiction is *not* a viable method for establishing jurisdiction over an out-of-state defendant. *E.g.*, *Conn v. Zakharov*, 667 F.3d 705, 717 (6th Cir. 2012) ("Ohio law does not appear to recognize general jurisdiction over non-resident defendants, but instead requires that the court find specific jurisdiction under…Ohio's long-arm statute").

Ohio's Long-Arm Statute governs exercising personal jurisdiction over non-resident defendants. *Goldstein v. Christiansen*, 70 Ohio St. 3d 232, 235-36 (1994); *accord Kauffman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St. 3d 81, 85 (2010); *accord Fraley v. Estate of Oeding*, 138 Ohio St. 3d 250, 252-53 (2014) ("The determination whether an Ohio court has personal jurisdiction over an out-of-state defendant requires a two-step inquiry. First, the court must determine whether the defendant's conduct <u>falls within Ohio's long-arm statute</u>…").

In this case, Hyatt is an out-of-state defendant—located in Illinois and formed in Delaware. Doc #1-3, PageID 29, Declaration of Christina Urbanski, ¶ 5. Therefore, for this Court to have personal jurisdiction over Hyatt, Ohio's Long-Arm Statute must confer jurisdiction.[2]

### 2. There is No Specific Jurisdiction Under Ohio's Long-Arm Statute

Ohio's Long-Arm Statute, R.C. 2307.382, sets forth nine specific bases that would sufficiently establish specific jurisdiction over a defendant. It states: "A court may exercise

---

[2]In *H.H. v. Hyatt Hotels Corp,*. S.D.N.Y., 2024 U.S. Dist. LEXIS 131447 (July 25, 2024), the Court granted Hyatt's motion to dismiss finding there was no general or specific jurisdiction over Hyatt or the other named defendants after the infant Plaintiff allegedly suffered personal injuries, including scarring and disfigurement, at the Grand Hyatt Baha Mar. located in the Bahamas. In *Kaplan v. Hyatt Hotels Corp.,* E.D.N.Y. No. 23-CV-2598 (MKB), 2024 U.S. Dist. LEXIS 136047 (Mar 8. 2024), the Court granted Hyatt's motion to dismiss finding there was no general or specific jurisdiction over Hyatt or the other named defendants after Plaintiff allegedly slipped, fell and was injured at a hotel in Jamaica.

personal jurisdiction over a person who acts directly or by an agent, as to a cause of action ***arising from*** the person's:

(1) Transacting any business in [Ohio];
(2) Contracting to supply services or goods in [Ohio];
(3) Causing tortious injury by an act or omission in [Ohio];
(4) Causing tortious injury in this state by an act or omission outside this state if the person regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in [Ohio];
(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when the person might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that the person also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in [Ohio];
(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when the person might reasonably have expected that some person would be injured thereby in [Ohio];
(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which the person commits or in the commission of which the person is guilty of complicity;
(8) Having an interest in, using, or possessing real property in [Ohio];
(9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

R.C. 2307.382 (emphasis added).

None of the nine categories apply to Plaintiff's claims against Hyatt. Doc #1-2, PageID 9-15, Complaint. Plaintiff does not allege Hyatt caused a death in Ohio. *See Id.* Plaintiff does not allege Hyatt committed any act or omission in Ohio that caused Mr. Welz's death. *See Id.* In fact, Plaintiff alleges acts of negligence that occurred *in Jamaica* including, failing to supervise the individuals conducting the Excursion, failing to provide appropriate and safe snorkeling equipment, failing to instruct Mr. Welz, failing to supervise Mr. Welz, failing to prohibit the individuals conducting the Excursion from consuming alcohol, and failing to timely respond to

Mr. Welz. Doc #1-2, PageID 13, Complaint, ¶ 17. None of these acts of omissions occurred in Ohio. *See Id.*

Although Plaintiff's Complaint alleges Hyatt "was conducting business" in Ohio, the Complaint does not allege that Mr. Welz's death "arose from" any business Hyatt allegedly conducted in Ohio. Doc #1-2, PageID 11, Complaint, ¶ 9; Doc #1-2, PageID 9-15, Complaint.

The only connection this case has to Ohio is that Plaintiff lives in Ohio and Plaintiff allegedly booked travel by allegedly calling a "United Vacation" office in Elyria, Ohio. Doc #1-2, PageID 10, Complaint, ¶ 2 and PageID 12, Complaint ¶ 15.

The only connection between "United Vacations" and Hyatt is Plaintiff's conclusory allegation Hyatt "owned, and/or operated, and/or controlled: Amstar DMC, Apple Leisure Group, ALG Vacations Corp., United Vacations, and Defendants John Doe 1 through 10." Doc #1-2, PageID 11, Complaint, ¶ 10. However, "United Vacations" is not a legal entity capable of being owned, operated, or controlled. *See* Second Declaration of Christina Urbanski, ¶ 17 (attached as Exhibit A); *Afshari v. Mont. Black Gold,* 2020 U.S. App. LEXIS 39803, *8 (6th Cir.2020), citing *Snowden v. Checkpoint Check Cashing,* 290 F.3d 631, 634 n.2 (4th Cir.2002).

Plaintiff's Complaint does not attach any legal instruments, contracts, or documents identifying Hyatt as the entity with whom Plaintiff booked the trip to Montego Bay, Jamaica. Doc #1-2, PageID 9-15, Complaint. Because Ohio's Long-Arm Statute does not confer upon this Court jurisdiction over Hyatt, this Court lacks jurisdiction over Plaintiff's claims against Hyatt. Therefore, Plaintiff's Complaint must be dismissed.[3]

---

[3]In *Doe V.H. v. Hyatt Hotels Corp.,* 11th Cir. No. 23-13503, 2024 U.S. App. LEXIS 20890 (Aug. 19, 2024), the United States Court of Appeals for the Eleventh Circuit affirmed the District Court's dismissal of the amended complaint for lack of personal jurisdiction over Hyatt and the other named defendants, holding Plaintiffs' claims lack the requisite connexity to satisfy Florida's long-arm statute.

### 3.  Exercising Personal Jurisdiction Over Hyatt Violates Federal Due Process

Assuming, *arguendo*, that Ohio's Long-Arm Statute confers personal jurisdiction over Hyatt in this case, this Court should still decline to exercise jurisdiction in accordance with the Due Process Clause of the Fourteenth Amendment.

In evaluating whether personal jurisdiction complies with the requirements of due process, a court must determine whether there are sufficient minimum contacts between the non-resident defendant and the forum state so as to not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The Sixth Circuit has adopted a three part test: 1) the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state; 2) the cause of action must arise from the defendant's activities there; and 3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *S. Mach Co. v. Mohasco*, 401 F.2d 374, 381 (6th Cir. 1968).

Personal jurisdiction is divided into two categories: specific and general. *Mallory v. Norfolk Southern Ry.*, 600 U.S. 122, 164-65 (2023). Both are subject to the demands of the Due Process Clause. *Id.* Specific jurisdiction allows a state court to adjudicate specific claims against a defendant. When a defendant "purposefully avails" itself of the privilege of conducting activities within the forum State, that State's courts may adjudicate claims that arise out of or relate to the defendant's contacts' with the forum statute." *Id.* (internal citations omitted). General jurisdiction allows a state court to adjudicate "any and all claims" brought against a defendant." *Id.* "This sweeping authority exists only when the defendant's connection to the State is tight—so tight, in fact, that the defendant is 'at home' there." *Id.* A corporation is typically "at home" in both its

place of incorporation and principal place of business. *Id*. "Absent an exceptional circumstance, general jurisdiction is cabined to these locations." *Id*. at 165.

In this case, neither general jurisdiction nor specific jurisdiction exists over Hyatt. Plaintiff does not allege Hyatt caused an injury or death in Ohio. Doc #1-2, PageID 9-15, Complaint. Plaintiff does not allege that Hyatt committed any act or omission in Ohio that caused Mr. Welz's death. *See Id.* Plaintiff's Complaint fails to set forth sufficient facts to establish a connection between Hyatt's alleged activity in Ohio and Plaintiff's wrongful death claim. *See Id.* As such, Hyatt has not "purposefully availed" itself to jurisdiction in Ohio and exercising jurisdiction over Hyatt in his matter would violate Hyatt's due process rights under the Fourteenth Amendment. Therefore, Plaintiff's Complaint must be dismissed.

### B.      Fed.R.Civ.P. 12(b)(6): Plaintiff Fails to State a Claim Against Hyatt

This Court should dismiss Plaintiff's Complaint against Hyatt because Plaintiff's Complaint fails to state a claim under Fed.R.Civ.P. 12(b)(6).

### 1.      Hyatt is Impermissibly "Lumped Together" with All Defendants

Plaintiff's Complaint should be dismissed because it impermissibly lumps Hyatt together with other defendants (several of which are not entities) without delineating between the respective conduct of each of them. *E.g.*, *Courser v. Michigan House of Representatives*, 404 F. Supp. 3d 1125, 1140 (W.D. Mich. 2019), aff'd, 831 F. App'x 161 (6th Cir. 2020) ("[a] complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief…"); *e.g.*, *Aaron v. Durrani*, 2014 U.S. Dist. LEXIS 32693, *14-15 (S.D. Ohio 2024) ("…lumping the Defendants together for the purposes of all allegations fails "to give the individual Defendants proper notice of what they have allegedly done wrong.").

In this case, Plaintiff's Complaint, in an entirely conclusory manner, lumps Hyatt together with all defendants when attempting to plead a wrongful death claim:

- "…**Defendants, or any of them**, were responsible for the operation, management, supply, maintenance, possession, inspection, hiring, training, and control of catamaran cruises styled "Dreamer" provided to Plaintiff's Decedent by Amstar DMC at the Hotel Riu Reggae resort, Montego Bay, Jamaica, through employees, agents, servants, assigns or officers of Defendants acting within the course and scope of their authority."[4]

- "…Plaintiff's Decedent was a business invitee **of Defendants**."[5]

- "During the Dreamer cruise…**Defendants**, through their employees, and/or agents, and/servants, and/or assigns, negligently, and/or recklessly, and/or wantonly, and/or willfully breached the duty of care owed to Plaintiff's Decedent…"[6]

Plaintiff's Complaint fails to specify Hyatt's acts and omissions. Instead, Plaintiff's Complaint lumps Hyatt together with non-existent entities ("Amstar DMC") and non-entities ("Apple Leisure Group" and "United Vacations") by amorphously alleging that Hyatt's agents (along with all other Defendants' employees and/or agents) negligently operated the Excursion. Doc #1-3, PageID 30, Declaration of Christina Urbanski, ¶¶ 9-11; Second Declaration of Christina Urbanski, ¶¶ 17-18 (attached as Exhibit A).

"Conclusory allegations of collective, unspecified, and undifferentiated wrongdoing are not sufficient: vaguely lumping all defendants together without providing any factual allegations that specify separate acts fails to satisfy the *Iqbal/Twombly* standard." *Hall v. Madison Police Dept.*, 2018 U.S. Dist. LEXIS 188230 (N.D. Ohio. 2018), citing *Kurek v. Ohio Dep't of Dev. Disabilities*, Case No. 3:16CV623, 2017 U.S. Dist. LEXIS 65473 (N.D. Ohio 2017); *accord Rivera-Nazario v. Corporacion del Fondo del Seguro del Estado*, 2015 U.S. Dist. LEXIS 121475

---

[4]Doc #1-2, PageID 12, Complaint, ¶ 12 (emphasis added).
[5]Doc #1-2, PageID 12, Complaint, ¶ 14 (emphasis added).
[6]Doc #1-2, PageID 13, Complaint, ¶ 17 (emphasis added).

(D.P.R. 2015) ("[p]laintiffs were not allowed to lump Defendants together without pleading individualized facts"); *accord Grant v. WMC Mortg. Corp.*, 2010 U.S. Dist. LEXIS 68880, *3 (E.D. Cal. 2010) (complaint that "lumps all defendants together is plainly insufficient…"). Accordingly, Plaintiff's Complaint fails to state a claim against Hyatt and must be dismissed.

### 2.    Plaintiff's Complaint Fails to Allege Facts to Pierce the Corporate Veil

Plaintiff's Complaint, in an entirely conclusory manner, alleges Hyatt "owned, and/or operated, and/or controlled: Amstar DMC, Apple Leisure Group, ALG Vacations Corp., United Vacations, and Defendants Johe Doe 1 through 10." Doc #1-2, PageID 11, Complaint, ¶ 10. Plaintiff's Complaint alleges no facts sufficient to hold Hyatt—a parent company—vicariously liable for the alleged acts of direct and indirect subsidiaries. Doc #1-2, PageID 9-15, Complaint; *See* Second Declaration of Christina Urbanski, ¶ 6 (attached as Exhibit A).

A parent corporation is not liable for the acts of its subsidiary, even if its subsidiary is wholly owned. *United States v. Bestfoods*, 524 U.S. 51, 61, 118 S. Ct. 1876, 141 L. Ed. 2d 43 (1998); *accord LeRoux's Billyle Supper Club v. Ma*, 77 Ohio App. 3d 417, 602 N.E.2d 685, 687-88 (Ohio Ct. App. 1991). Only in "extraordinary cases" are corporate forms ignored such that a parent company and a subsidiary are treated as a single entity. *Bestfoods*, 524 U.S. at 62. To pierce the corporate veil and hold a parent company vicariously liable for the acts of a subsidiary, the subsidiary corporation must be "alter ego" of the parent corporation. *LeRoux's Billyle*, 602 N.E.2d at 688.

Under Ohio law, a court will pierce the corporate veil if a plaintiff shows: (1) the parent's control over the subsidiary was "so complete" that the subsidiary had "no separate mind, will, or existence of its own"; (2) the parent's exercise of control over the subsidiary amounted to "fraud or an illegal act" against the plaintiff; and (3) "injury or unjust loss resulted to the plaintiff from

such control and wrong." *Belvedere Condominium Unit Owners' Ass'n v. R.E. Roark Cos.*, 67 Ohio St. 3d 274, 1993 Ohio 119, 617 N.E.2d 1075, 1077 (Ohio 1993); *see also Carter-Jones Lumber Co. v. LTV Steel Co.*, 237 F.3d 745, 748 (6th Cir. 2001).[7] "A plaintiff must show that the individual and the corporation are fundamentally indistinguishable." *Belvedere*, 617 N.E.2d at 1086; *accord Corrigan v. U.S. Steel Corp.*, 478 F.3d 718, 724-725, (6th Cir. 2007). The burden of proof to demonstrate grounds for piercing the corporate veil is on the party seeking to impose liability on the parent corporation. *Id*. at 689.

In this case, Plaintiff's Complaint does not allege—or even attempt to allege—that ALGV, "Amstar DMC" or any other defendant in this action is an "alter-ego" or "fundamentally indistinguishable" from Hyatt. Doc #1-2, PageID 9-15, Complaint. Plaintiff's allegation Hyatt "owns" and/or "operates" and/or "controls" other defendants is woefully insufficient to plead that Hyatt is "one-in-the-same" and/or vicariously liable for the acts of any alleged subsidiaries.

As such, Plaintiff's Complaint fails to plead a claim against Hyatt for the alleged acts of subsidiaries. This Court should, therefore, dismiss Plaintiff's Complaint against Hyatt.

### C.  This Case Should Be Dismissed Under the Doctrine of Forum Non-Conveniens

Assuming this Court may properly exercise personal jurisdiction over Hyatt in this case, this Court should dismiss Plaintiff's Complaint under the doctrine of forum non-conveniens.

Under the federal doctrine of forum non conveniens, when an alternative forum has jurisdiction to hear a case, and when trial in the chosen forum would "establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience," or when the

---

[7]Hyatt does not concede that Ohio law should govern Plaintiff's claims. Hyatt cites Ohio law exclusively for the purpose of this Motion, which seeks the dismissal of Plaintiff's claim under Ohio's wrongful death statute.

"chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems," the court may, in the exercise of its sound discretion, dismiss the case, even if jurisdiction and proper venue are established. *Am. Dredging Co. v. Miller*, 510 U.S. 443, 447-48, 114 S. Ct. 981, 127 L. Ed. 2d 285 (1994), quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981). When a defendant invokes forum non conveniens, the court engages in a four-step inquiry:

> A district must first determine whether an adequate alternative forum can entertain the case. If such a forum exists, the district court must then determine the appropriate amount of deference to be given the plaintiff's choice of forum. Once the district court has determined the amount of deference due the plaintiff's choice of forum, the district court must balance the relevant public and private interest factors. If the balance of these factors indicates that trial in the chosen forum would result in the oppression or vexation to the defendant out of all proportion to the plaintiff's convenience, the district court may, in its discretion, dismiss the case on forum non conveniens grounds.

*Jane Doe L.C. v. Aimbridge Hosp*., LLC, 2020 U.S. Dist. LEXIS 172336, *4-5 (D. Del. 2020).

### 1. Jamaica is an Adequate Alternative Forum

Jamaica is an adequate alternative forum for this lawsuit. United States courts have recognized Jamaica as a common law jurisdiction with a developed and independent judiciary. *Jane Doe L.C. v. Aimbridge Hosp., LLC,* 2020 U.S. Dist. LEXIS 172336, *7-8 (D. Del. 2020), citing *Proyectos Orchimex De Costa Rica, S.A. v. E.I. DuPont de Nemours & Co.*, 896 F. Supp. 1197, 1201 (M.D. Fla. 1995). Jamaica recognizes claims for negligence. *Id*. Even though Jamaica does not guarantee a right to a jury trial, multiple courts have held that a right to a jury trial is not necessary to find an alternative forum adequate. *See Id*., *citing Copia Communs., LLC v. AMResorts, L.P*., No. 16-5575, 2017 U.S. Dist. LEXIS 146294 (E.D. Pa. Sept. 11, 2017) (holding Jamaica to be an adequate alternative forum despite lack of trial by jury); *Doe v. Ritz Carlton Hotel Co., LLC*, No. 14-4423, 2015 U.S. Dist. LEXIS 4799, 2015 WL 221106, at *5 (E.D. Pa. Jan. 14,

2015), aff'd, 666 Fed. App'x 180 (3d Cir. 2016) (holding Cayman Islands to be an adequate alternative forum despite no right to trial by jury). As such, Jamaica is an adequate alternative forum. *See Jane Doe L.C. v. Aimbridge Hosp., LLC,* 2020 U.S. Dist. LEXIS 172336, *7-8; *Seales v. Panamanian Aviation Co*., 356 Fed. Appx. 461, 464 (2d. Cir. 2009) ("Jamaica is an adequate alternative forum"); *Copia Communs*., 2017 U.S. Dist. LEXIS 146294 (same); *Proyectos Orchimex*, 896 F. Supp. at 1201 (same).

Jamaica is likely the *only* available forum that could exercise jurisdiction over all necessary parties in light of Plaintiff's attempt to include as a defendant in this case "Amstar DMC." Amstar DMC is not a legal entity, which is why Plaintiff has not—and cannot—serve "Amstar DMC" with a copy of the Summons and Complaint in this case. Doc. #1-5, PageID 35, Notice of Removal ¶ 2.

Hyatt's counsel, through filings and correspondence, has indicated "Amstar DMC" is not a legal entity and has identified the correct legal entity as **Amstar DMC, Jamaica Limited**. *See Id.* (emphasis added). Amstar DMC, Jamaica Limited is a Jamaican entity not subject to service or process in Ohio. *See Id.* Plaintiff has made no attempts to amend the Complaint to name Amstar DMC, Jamaica Limited. *See* Docket. Plaintiff has made no attempts to serve Amstar DMC, Jamaica Limited. *See* Docket. If Plaintiff wishes to fully adjudicate her claims against all potential defendants, including Amstar DMC, Jamaica Limited, Jamaica is the only available forum.

### 2. Little Deference Should be Given to Plaintiff's Choice of Forum

The deference normally accorded an American plaintiff's forum choice is based on the premise that holds in some, but not all, cases that the decision to bring suit in one's home forum is a matter of convenience. *Piper Aircraft*, 454 U.S. at 255-56. Yet citizenship and residence are mere "proxies for convenience." *Piper Aircraft*, 454 U.S. at 256 n.24 (stating reasoning of *Pain v. United*

*Techs. Corp.*, 637 F.2d 775, 797, 205 U.S. App. D.C. 229 (D.C. Cir. 1980)). Although useful, places of domicile are indirect (and sometimes imperfect) estimates of convenience. *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488, 493 (6th Cir. 2016).

Although Plaintiff resides in Ohio, that is the only connection between this action and Ohio. Doc #1-2, PageID 9-15, Complaint. None of the named Defendants are "at-home" in Ohio. Doc. #1-5, PageID 34-38, Notice of Removal. Therefore, little deference should be given to Plaintiff's choice of forum.The district court must balance the relevant public and private interest factors and determine whether the chosen forum would result in the oppression or vexation to the defendant. *Jane Doe L.C. v. Aimbridge Hosp.*, LLC, 2020 U.S. Dist. LEXIS 172336, *4-5 (D. Del. 2020).

Private interest factors weigh heavily in favor of Jamaica. Private interest factors include "access to evidence, mechanisms for ensuring participation of unwilling witnesses, costs of obtaining testimony from willing witnesses, opportunities to view the relevant premises, and other practical concerns such as cost and expeditiousness." *Martinez-Porte v. Multi-Color Corp.*, 2024 U.S. App. LEXIS 18258, *8-9, 2024 (6th Cir. 2024).

In this case, all necessary witnesses and evidence are located in Jamaica. The allegedly defective snorkeling equipment is located in Jamaica. The individuals operating the Dreamer are located in Jamaica. The location of Mr. Welz's death is in Jamaica. Every instance of viewing, accessing, or interrogating evidence and witnesses would require international travel to Jamaica by experts and attorneys. In the event of non-compliance, this Court lacks subpoena power over necessary witnesses. No clear path exists for Hyatt to subpoena physical evidence from Jamaica or compel the depositions or trial attendance of the Jamaican individuals whose testimony will be essential to factual discovery and the merits of this action. *See e.g.*, *Ekpo v. Playa Mgmt. United States, LLC*, 2023 U.S. Dist. LEXIS 82445, *8-9 (N.D. Ga. 2023) ("Additionally, the Plaintiff

sustained his injury while in Jamaica and many, if not all of the witnesses are therefore outside the scope of this Court's subpoena power.")

Public interest factors also weigh in favor of Jamaica. Public interest factors include local interest in the dispute, the location of the injury, the fullness of the court's docket, preference for trying cases in the place of the governing law, hesitance to apply foreign law, and desire to avoid conflict-of-law problems. *Prevent USA Corp. v. Volkswagen AG*, 17 F.4th 653, 660 (6th Cir. 2021), citing *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 832 (6th Cir. 2009). These factors speak to an American court's potential "administrative and legal problems" with trying the case. *Piper Aircraft*, 454 U.S. at 241 (quotation omitted).

First, if this case remains in this Court, Ohio citizens would be tasked with determining the Jamaican standard of care that applies to Jamaican individuals operating a Jamaican excursion. Ohio law should not govern whether the individuals operating the Dreamer and the Excursion violated the standard of care. As Justice Brennan stated in *Allstate Ins v. Hague*, 449 U.S. 302, 313 (1981), for a court to choose a state's law, "[the] State must have a significant contact or significant aggregation of contacts, creating state interests, such that choice of its law is neither arbitrary nor fundamentally unfair." The only contact Ohio has with this case is that Plaintiff is a Ohio resident and Mr. Welz was an Ohio resident prior to his death.

Although Plaintiff allegedly booked travel and lodgings by calling an office in Elyria—which Plaintiff does not allege is operated by Hyatt—Plaintiff's Complaint does not allege any problems with the travel or lodgings booked in Ohio. Plaintiff's Complaint is about the Excursion, which Plaintiff booked in the lobby of a non-Hyatt hotel in Jamaica. Doc #1-2, PageID 9-15, Complaint. Furthermore, the United States Supreme Court has held that a plaintiff's residence,

15

with nothing more, is insufficient to support the choice of a state's law. *Home Ins Co v Dick*, 281 U.S. 397, 408 (1930).

Therefore, Jamaica's laws and standards of care apply to Plaintiff's claims against Hyatt, not Ohio. Because both the private and public factors weigh in favor of a Jamaican forum, this Court should dismiss this action under the doctrine of forum non-conveniens.

## III.    Conclusion

Wherefore, this Court should grant Hyatt's Motion and dismiss Plaintiff's Complaint with prejudice pursuant to Fed.R.Civ.P. 12(b)(2) and Fed.R.Civ.P. 12(b)(6) and pursuant to the doctrine of forum non-conveniens.

Respectfully submitted,

*/s/Theresa A. Edwards*
Theresa A. Edwards (0090971)
Thomas P. Mannion (0062551)
LEWIS BRISBOIS BISGAARD & SMITH LLP
1375 E. 9th Street, Suite 2250
Cleveland, Ohio 44114
Tel. 216.344.9422/Fax 216.344.9
Tera.Edwards@lewisbrisbois.com
Tom.Mannion@lewisbrisbois.com
*Counsel for Defendant Hyatt Hotels Corporation*

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on this 10th day of September, 2024, a true and correct copy of the foregoing

has been electronically filed using the CM/ECF System, and sent to all parties by operation of the

Court's electronic filing system and to the following via electronic mail:

Georg I. Abakumov, Esq.
Law Offices of Georg Abakumov LLC
14435 Hunting Hills Drive
Novelty, Ohio 44072
Georg.abakumov@gmail.com
*Counsel for Plaintiff*

/s/*Theresa A. Edwards*
Theresa A. Edwards (0090971)
Thomas P. Mannion (0062551)
LEWIS BRISBOIS BISGAARD & SMITH LLP
*Counsel for Defendant Hyatt Hotels Corporation*